UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARRIE RUSSELL | § § | |
| VS. | § § | CIVIL ACTION NO.: 22-CV-1022 |
| WAL-MART STORES TEXAS, L.P. d/b/a WALMART AUTO CARE CENTER AND ANTHONY ARANA | § § § § | JURY DEMANDED |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants, Wal-Mart Stores Texas, LLC incorrectly named as Wal-Mart Stores Texas, L.P. d/b/a Walmart Auto Care Center[1] and Anthony Arana file this Notice of Removal pursuant to 28 U.S.C. § 1441, as follows:

#### Commencement and Service

1. On August 15, 2022, Plaintiff, Carrie Russell, commenced this action against Wal-Mart Stores Texas, L.P. d/b/a Walmart Auto Care Center and Anthony Arana by filing Plaintiff's Original Petition in the 73rd District Court of Bexar County, Texas, Cause No. 2022CI15537; *Carrie Russell v. Wal-Mart Stores Texas, L.P. d/b/a Walmart Auto Care Center and Anthony Arana*. A copy of Plaintiff's Original Petition is attached hereto as **Exhibit A**. Wal-Mart Stores Texas, LLC received service of process and Plaintiff's Original Petition on August 18, 2022. A copy of the Citation and Affidavit of Service is attached hereto as **Exhibit B**. Anthony Arana received service of process on August 23, 2022. A copy of the citation and Unsworn Declaration of Service is attached hereto as **Exhibit C**.

---

[1] Wal-Mart Stores Texas, LP ceased to exist as an entity as of June 30, 2007, when it merged with Wal-Mart Stores Texas, LLC

2.  On September 12, 2022, Wal-Mart Stores Texas, LLC and Anthony Arana filed their Original Answer to Plaintiff's Original Petition which is attached as **Exhibit D** and Demand for Jury Trial, attached as **Exhibit E.**

3.  This notice of removal is filed within thirty days (30) of the receipt of the Plaintiff's Original Petition which discloses that this matter involves an amount in controversy that or which exceeds $75,000.00 and is timely filed under 28 U.S.C. § 1446(b). This notice of removal is filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(b).

### Grounds for Removal

4.  Wal-Mart Stores Texas, LLC and Anthony Arana are entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship. **See Exhibit A, Plaintiff's Original Petition paragraph V., wherein Plaintiff seeks "monetary relief, the maximum of which is over $200,000.00 but not more than $1,000,000.00."**

### Diversity of Citizenship

5.  This is an action between parties with diversity of citizenship.

6.  Plaintiff is a citizen of Texas.

7.  Defendant Wal-Mart Stores Texas, LLC is a limited liability company formed under the laws of Delaware, with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Real Estate Business Trust. Wal-Mart Real Estate Business Trust is a Delaware statutory trust with its

principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co. Wal-Mart Property Co. is a corporation formed under the laws of the State of Delaware with its principal place of business in the State of Arkansas. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas. Accordingly, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

8. Anthony Arana, is a Bay Service Manager at the Walmart where the alleged incident occurred, is a Texas citizen, with his residence in Bexar County, Texas.

9. At the time suit was filed, and at the time of this removal, Anthony Arana was an employee of Walmart serving as Bay Service Manager of Walmart #2239 located at 8923 W. Military Drive, San Antonio, Texas 78245.

10. The citizenship of Walmart Bay Service Manager, Anthony Arana should be disregarded for diversity purposes because he has been improperly joined in this suit. Plaintiff alleges that Defendant Wal-Mart Stores Texas, LLC, incorrectly named Wal-Mart Stores Texas, L.P. d/b/a Walmart Auto Care Center, assumed the duty of changing the oil in Plaintiff's vehicle in exchange

for a fee and when Plaintiff was driving home after having her car serviced by said Defendant, the hood of her vehicle flew up and smashed Plaintiff's windshield causing Plaintiff to have a collision and sustaining serious and permanent injuries. (see Exhibit A, Plaintiff's Original Petition, paragraph VI.).

11. However, there is no possibility that the Plaintiff can establish a cause of action against Walmart's Bay Service Manager, Anthony Arana, and as such, his in-state citizenship should be ignored when determining diversity jurisdiction. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98 ,100 (5th Cir. 1990); *B. Inc. v. Miller Brewing Co.*, 663 F. 2d 545, 549 (1981).

12. Further, there have been no allegations, and the facts do not support, that Walmart's Bay Service Manager, Anthony Arana was personally involved in the service of Plaintiff's vehicle, or that he owes the Plaintiff any independent duty of reasonable care apart from that duty owed by his employer, Walmart, and as such, there is no reasonable possibility of recovery against him as Bay Service Manager[2]. *See Chon Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005); *Leitch v. Hornsby*, 935 S.W. 2d 114, 117 (Tex. 1996); *Gipson v. Wal-Mart Stores Texas, LLC*, 2008 WL 4844206 (S.D. Tex.) (holding that employee did not owe a customer a duty of reasonable care independent from the duty owed by the employer); *Allen v. Home Depot U.S.A., Inc.*, SA-04-0CA703XR, 2004 WL 22700001 (W.D. Tex. Oct 6, 2004) (holding that there was no possibility of recovery against manager for negligent supervision claim). Various federal district courts have also held that joinder of a retailer's manager was improper because the manager did not owe an independent duty of care to customer.

13. Finally, Anthony Arana's joinder in this suit is simply for the purpose of defeating diversity

---

[2] On information and belief, Defendants aver that Anthony Arana was not working and was not present at the Walmart on the date Plaintiff's vehicle was serviced, as such, he was not involved in any service to her vehicle.

jurisdiction and there is no basis in Texas law for his joinder.

14. No change of citizenship has occurred since commencement of the state court action. Therefore, diversity of citizenship exists among the parties.

### Amount in Controversy

15. The amount in controversy exceeds the sum of $75,000. **See Exhibit A, Plaintiff's Original Petition at paragraph V.**

### Venue

16. Venue lies in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Plaintiff filed the state court action in this judicial district and division.

### Notice

17. Contemporaneous with the filing of this notice of removal, Defendants will give notice of this filing to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendants will also file with the clerk of the state court and will serve upon Plaintiff's counsel and all other parties" counsel of record, a notice of the filing of this notice of removal.

### Jury Demand

18. Defendants demanded a jury trial in the state court action.

### State Court Pleadings

19. Copies of state court pleadings which are referenced within the Notice are attached to this Notice of Removal as **Exhibits A through E.** This case is being removed from the 73rd Judicial District Court of Bexar County, Texas.

### Exhibits to Notice of Removal

20. The following documents are attached to this Notice as correspondingly lettered exhibits:

A. Plaintiff's Original Petition.
B. Copy of the citation and Affidavit of Service on Wal-Mart Stores Texas, LLC.
C. Copy of the citation and Unsworn Declaration of Service on Anthony Arana.
D. Defendants' Original Answer to Plaintiff's Original Petition.
E. Defendants' Demand for Jury Trial.
F. Request for Service and Process.
G. Case Summary.
H. List of Counsel of Record.

WHEREFORE, Defendants, Wal-Mart Stores Texas, LLC and Anthony Arana pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 73rd Judicial District Court of Bexar County, Texas.

Respectfully submitted,

DAW & RAY
A LIMITED LIABILITY PARTNERSHIP

/s/ James K. Floyd
James K. Floyd; SBN: 24047628
Email: jfloyd@dawray.com
Elizabeth W. Yancy; SBN: 24098642
Email: eyancy@dawray.com
14100 San Pedro, Suite 302
San Antonio, Texas 78232
(210) 224-3121 Telephone
(210) 224-3188 Facsimile
**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record in accordance with the FRCP on this the 16th day of September, 2022.

Taylor W. Harper
Harper Law Firm
777 E. Sonerra Blvd., Suite 320
San Antonio, Texas 78258

/s/ James K. Floyd
James K. Floyd